AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Northern District of Illinois

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| | ) | Case Number: 10 CR 618-1 |
| JOSHUA VIDAL | ) | USM Number: 42141-424 |
| | ) | Christina Farley-Jackson |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

x pleaded guilty to count(s)   One, Two, Three and Four of the indictment

☐ pleaded nolo contendere to count(s)
    which was accepted by the court.

☐ was found guilty on count(s)
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §846 | Conspire to Possess with Intent to Distribute Five Kilograms or More of Cocaine | 07/20/2010 | ONE |
| 21 U.S.C. §846 | Attempt to Possess with Intent to Distribute Five Kilograms or More of Cocaine | 07/20/2010 | TWO |
| 18 U.S.C. §1951(a) | Attempt to Obstruct, Delay, and Affect Commerce by Robbery | 07/20/2010 | THREE |

The defendant is sentenced as provided in pages 2 through __8__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)    ☐ is    ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

December 8, 2011
Date of Imposition of Judgment

*/s/ Amy J. St. Eve*
Signature of Judge

Amy J. St. Eve, United States District Judge
Name and Title of Judge

12-8-11
Date

AO 245B     (Rev. 09/11) Judgment in a Criminal Case
               Sheet 1A

Judgment—Page 2 of 8

**DEFENDANT:** JOSHUA VIDAL
**CASE NUMBER:** 10 CR 618-1

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §924(c)(1)(A) | Possess a Firearm During a Drug Trafficking Crime and Crime of Violence | 07/20/2010 | FOUR |

AO 245B     (Rev. 09/11) Judgment in Criminal Case
                Sheet 2 — Imprisonment

Judgment — Page  3  of  8

DEFENDANT: JOSHUA VIDAL
CASE NUMBER: 10 CR 618-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

270 MONTHS (210 months on Counts One, Two and Three, and a term of 60 months on Count Four - the term of imprisonment on Count Four shall be served consecutively to Counts One, Two and Three)

X   The court makes the following recommendations to the Bureau of Prisons:
     That the defendant participate in the Comprehensive Residential Drug Abuse Program.
     That the defendant be placed at a facility near Chicago, Illinois.

X   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

     ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

     ☐ as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     ☐ before 2 p.m. on _____ .

     ☐ as notified by the United States Marshal.

     ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Judgment—Page **4** of **8**

DEFENDANT:    JOSHUA VIDAL
CASE NUMBER:    10 CR 618-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

FIVE YEARS for Counts One, Two and Four and a period of THREE YEARS for Count Three - all terms shall run concurrently.

      The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

X    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

X    The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐    The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐    The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

      If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B     (Rev. 09/11) Judgment in a Criminal Case
               Sheet 3B — Supervised Release

Judgment—Page 5 of 8

DEFENDANT:    JOSHUA VIDAL
CASE NUMBER:    10 CR 618-1

## ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall submit to one drug test within 15 days of release from imprisonment and random drug tests thereafter, conducted by the U.S. Probation Office, not to exceed 104 tests per year.

DEFENDANT: JOSHUA VIDAL
CASE NUMBER: 10 CR 618-1

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in a drug aftercare treatment program which may include urine testing at the discretion of the probation officer.

2. The defendant shall participate in an approved job skill training program at the discretion of the probation officer within the first 60 days of placement on supervision.

3. The defendant shall participate in a mental health treatment program which may include the use of prescription medications, at the discretion of the probation officer.

4. The defendant shall participate in a General Equivalency Degree (GED) preparation course and obtain his GED within the first year of supervision if not obtained while incarcerated.

DEFENDANT: JOSHUA VIDAL
CASE NUMBER: 10 CR 618-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 400.00 | $ WAIVED | $ N/A |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

TOTALS $ _____ $ _____

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the  ☐ fine  ☐ restitution.

  ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: JOSHUA VIDAL
CASE NUMBER: 10 CR 618-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A   X   Lump sum payment of $ 400.00 due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B   ☐   Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☐   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

X   The defendant shall forfeit the defendant's interest in the following property to the United States:
    See attached Preliminary Order of Forfeiture.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 10 CR 618-1 |
| | ) | Judge Amy J. St. Eve |
| JOSHUA VIDAL | ) | |

PRELIMINARY ORDER OF FORFEITURE

This cause comes before the Court on motion of the United States for entry of a preliminary order of forfeiture as to specific property pursuant to the provisions of Title 21, United States Code, Section 853(a)(1) and (2), Title 18, United States Code, Section 924(d)(1), Title 28, United States Code, Section 2461(c), and Fed. R. Crim. P. 32.2 and the Court being fully informed hereby finds as follows:

(a) On August 19, 2010, an indictment was returned charging defendant JOSHUA VIDAL, and others, with illegally possessing firearms, in furtherance of drug trafficking crimes, namely, conspiring to possess with intent to distribute five kilograms or more of mixtures containing cocaine, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 924(c)(1)(A), among other violations;

(b) The indictment sought forfeiture to the United States of specific property, namely:

   (1) one loaded Colt Cobra .38 special revolver, bearing serial number M91575, and associated ammunition;

   (2) one loaded RG Industries model RG14 .22 caliber revolver, bearing serial number L522141, and associated ammunition; and

   (3) one loaded Strum, Ruger, and Company model P94 .40 caliber pistol, bearing serial number 34106885, and associated ammunition

pursuant to the provisions of 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c);

(c) On May 18, 2011, pursuant to Fed R. Crim. P. 11, defendant JOSHUA VIDAL

entered a voluntary plea of guilty to all counts of the indictment, thereby making the property named in the indictment subject to forfeiture pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), which states in part:

    853(a)    Any person convicted of ...21 U.S.C. § 846... shall forfeit to the United States, irrespective of any provision of State Law—

        (1)    any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as a result of said violation;

        (2)    any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation;

    924 (d)(1)    Any firearm or ammunition involved in or used in any knowing violation of [carrying a firearm during and in relation to, drug trafficking crimes;]...shall be subject to seizure and forfeiture, as the result of such violation;

    (d)    Pursuant to Fed. R. Crim. P. 32.2(b)(2)(B) as amended December 1, 2009, unless doing so is impractical, the court must enter the preliminary order of forfeiture sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant at sentencing;

    (e)    In accordance with this provision, the United States requests that this Court enter a preliminary order of forfeiture against the defendant JOSHUA VIDAL as to the foregoing firearms and ammunition because the property was involved in the offenses of conviction;

    (f)    The United States requests that the terms and conditions of this preliminary order of forfeiture be made part of the sentence imposed against defendant JOSHUA VIDAL and included in any judgment and commitment order entered in this case against him.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1.    That, pursuant to the provisions of 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2, all right, title, and interest defendant JOSHUA

VIDAL may have in:

    (a)    one loaded Colt Cobra .38 special revolver, bearing serial number M91575, and associated ammunition;

    (b)    one loaded RG Industries model RG14 .22 caliber revolver, bearing serial number L522141, and associated ammunition; and

    (c)    one loaded Strum, Ruger, and Company model P94 .40 caliber pistol, bearing serial number 34106885, and associated ammunition,

is hereby forfeited to the United States of America for disposition according to law, including destruction. It is further ordered,

    2.    That, pursuant to the provisions of 21 U.S.C. § 853(g), as incorporated by 28 U.S.C. § 2461(c), upon entry of this preliminary order of forfeiture, the United States Marshal Service shall seize and take custody of the foregoing property for disposition according to law. It is further ordered,

    3.    That, pursuant to the provisions of 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), upon entry of a preliminary of forfeiture, the government shall publish notice of this order and of its intent to dispose of the property according to law. The government may also, pursuant to statute, to the extent practicable, provide written notice to any person known to have alleged an interest in the property that is the subject of the preliminary order of forfeiture. The government is unaware, at this time, of anyone who qualifies for such notice. It is further ordered,

    4.    That, pursuant to the provisions of 21 U.S.C. § 853(n)(2), as incorporated by 28 U.S.C. § 2461(c), if following notice as directed by this Court, and 21 U.S.C. § 853(n)(1), any person, other than the defendant, asserts an interest in property that has been ordered forfeit to the United States, within thirty days of the final publication of notice or this receipt of notice under paragraph three (3), whichever is earlier, and petitions the Court for a hearing to

adjudicate the validity of this alleged interest in the property, the government shall request a hearing. The hearing shall be held before the court alone, without a jury. It is further ordered,

5. That, following the Court's disposition of all third party interests, the Court shall, upon the government's motion, if appropriate, enter a final order of forfeiture as to the foregoing property which is the subject of this preliminary order of forfeiture, vesting clear title in the United States of America. It is further ordered,

6. The terms and conditions of this preliminary order of forfeiture are part of the sentence imposed against defendant JOSHUA VIDAL and shall be included in any judgment and commitment order entered in this case against him. It is further ordered,

7. This Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this forfeiture order.

_____
AMY J. STEVE
United States District Judge

DATED: October 12, 2011